IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIJAH DESHAWN ROBINSON, <br> AIS 320865, <br>     Plaintiff, <br> v. <br> DANDREA EVANS, *et al.*, <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) )     Case No. 2:23-cv-668-ECM-SMD <br>                    (WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Elijah Deshawn Robinson, a state prisoner proceeding *pro se*, filed this civil action on November 16, 2023. Doc. 1. Robinson applied for leave to proceed *in forma pauperis* and, after being ordered to do so, submitted information about the funds in his inmate account. Docs. 2, 3, and 7. On December 19, 2023, based on Robinson's inmate-account information, the Court issued an order directing him to pay an initial partial filing fee of $29.00 by January 8, 2024. Doc. 8. In that order, the Court specifically cautioned Robinson that his failure to comply with the order's directives would result in a recommendation that his case be dismissed. *Id*. at 3.

As of the date of this Recommendation, Robinson has not submitted the initial partial filing fee in compliance with the Court's December 19, 2023 order. The undersigned thus concludes that Robinson's case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to

prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It also empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31.

The undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Accordingly, based on the above, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that by **September 4, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and is therefore not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec.,*

*Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 21st day of August, 2024.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE